IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID RAYMOND ANDREWS, | ) | No. C 09-5858 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION |
| | ) | TO STRIKE; DENYING |
| | ) | MOTION FOR PROTECTIVE |
| v. | ) | ORDER; GRANTING |
| | ) | MOTION TO WITHDRAW |
| | ) | MOTION FOR MORE |
| J. EVERT, et al., | ) | DEFINITE STATEMENT |
| | ) | |
| Defendants. | ) | (Docket Nos. 33, 34, 50, and 54) |
| | ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983.  On August 6, 2010, Plaintiff filed a motion for protective order.[1] On August 9, 2010, Plaintiff filed a motion to strike Defendants' motion for an extension of time to file a dispositive motion.  The Court addresses these motions below.

A.      Motion to Strike

On April 23, 2010, the Court ordered Plaintiff's first amended complaint to be served on the named defendants.  In its order of service, the Court ordered Defendants to file a motion for summary judgment or other dispositive motion within ninety days from the filing date of the

---

[1] Plaintiff also filed a motion for a more definite statement. On August 20, 2010, Plaintiff filed a motion to withdraw his motion for a more definite statement. Plaintiff's motion to withdraw his motion for a more definite statement is GRANTED.

Order Denying Motion to Strike; Denying Motion for Protective Order; Granting Motion to Withdraw Motion for More Definite Statement
P:\PRO-SE\SJ.LHK\CR.09\Andrews5858misc.wpd

order. On July 20, 2010, Defendants waived service and filed an answer, which included a demand for a jury trial. The following day, Defendants file a motion for an extension of time in which to file their dispositive motion. On July 27, 2010, the Court granted Defendants' motion for an extension of time. On August 9, 2010, Plaintiff filed his motion to strike Defendants' motion for an extension of time.

Plaintiff's motion appears to be grounded in the belief that the Defendants' motion for an extension of time acts as a withdrawal of their demand for jury trial. This is not the case. Moreover, prior to Plaintiff's filing his motion to strike, the Court had already granted Defendants' motion and extended their deadline for filing a dispositive motion. Defendants have since filed their motion to dismiss and motion for summary judgment. In addition, Plaintiff does not allege that he has been prejudiced by an extension of time. Thus, Plaintiff's motion to strike is DENIED.

B.    Motion for Protective Order

Plaintiff claims that he was transferred to Pelican Bay State Prison in August 2007. From August 2007 through March 2008, Plaintiff alleges that prison officials prevented him from possessing all of his legal materials. Plaintiff seeks a "protective order" to prevent the California Department of Corrections from separating him from his legal materials in the future.

Federal Rule of Civil Procedure 26(c) provides that a party may move for a protective order against another who is seeking discovery to prevent "annoyance, embarassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The court may grant such a motion for good cause. Here, Rule 26 is inapplicable to Plaintiff, and the motion is DENIED.

To the extent Plaintiff means to move for a preliminary injunction, the motion is DENIED. It appears that Plaintiff is currently in possession of his legal materials and therefore, he has failed to demonstrate that he would suffer irreparable harm absent a preliminary injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

Order Denying Motion to Strike; Denying Motion for Protective Order; Granting Motion to Withdraw Motion for More Definite Statement
P:\PRO-SE\SJ.LHK\CR.09\Andrews5858misc.wpd       2

1  balance of equities tips in his favor, and that an injunction is in the public interest.").

2  This order terminates docket numbers 33, 34, 50, and 54.

3  IT IS SO ORDERED.

4  DATED:   10/27/2010

*Lucy H. Koh*
LUCY H. KOH
United States District Judge