IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID RAYMOND ANDREWS, | ) | No. C 09-5858 LHK (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR ORDER DIRECTING FEDERAL BUREAU OF INVESTIGATION TO INTERVIEW PLAINTIFF; DENYING MOTION FOR CONTINUANCE PENDING DISCOVERY |
| v. | ) ) ) | |
| J. EVERT, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 60, 61) |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On September 24, 2010, Defendants filed a motion to dismiss and motion for summary judgment. On October 29, 2010, Plaintiff filed a motion for an order directing the Federal Bureau of Investigation ("FBI") to interview him, and a related motion for continuance pending discovery. Defendants filed an opposition to the motion for continuance. The Court addresses these motions below.

Federal Rule of Civil Procedure 56(d)[1] provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it

---

[1] Former Federal Rule of Civil Procedure 56(f), cited in Plaintiff's motions, and Defendants' opposition, was amended in 2010. Those provisions are now set forth in Rule 56(d).

Order Denying Motion for Order Directing Federal Bureau of Investigation to Interview Plaintiff; Denying Motion for Continuance Pending Discovery
P:\PRO-SE\SJ.LHK\CR.09\Andrews5858misc2.wpd

1       cannot present facts essential to justify its opposition, the court may: (1) defer
      considering the motion or deny it; (2) allow time to obtain affidavits or
2       declarations or to take discovery; or (3) issue any other appropriate order.

3 Rule 56(d) of the Federal Rules of Civil Procedure provides a device for litigants to avoid

4 summary judgment when the non-movant needs to discover affirmative evidence necessary to

5 oppose the motion. *See Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987). Rule

6 56(d) provides that a court may deny a summary judgment motion to permit discovery if it

7 appears that a party cannot present facts essential to opposing the motion. Fed. R. Civ. P. 56(d).

8 Rule 56(d) requires an affidavit which sets forth the information sought and how it would

9 preclude summary judgment by creating a genuine issue of material fact. *See Hall v. Hawaii*,

10 791 F.2d 759, 761 (9th Cir. 1986). The requesting party must show (1) it has set forth in

11 affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts sought

12 exist, and (3) the sought-after facts are essential to oppose summary judgment. *Family Home*

13 *and Finance Center, Inc. v. Federal Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir.

14 2008).

15       Plaintiff alleges that he has written several letters to the FBI requesting an interview by

16 an agent "due to life threatening circumstances." Plaintiff then claims that his incoming and

17 outgoing mail is not being delivered, and he believes that prison officials are intentionally

18 intercepting his mail. Plaintiff requests that the Court direct an FBI agent to assist him in

19 investigating these claims and asserts that without this help, he cannot present facts necessary to

20 oppose summary judgment. Even assuming that this Court could order the FBI to investigate

21 Plaintiff's claims, Plaintiff has not identified any specific facts he hopes to elicit and does not

22 explain what helpful facts the FBI might be able to provide. Thus, he has not met his burden

23 under Rule 56(d). Plaintiff's motion for an order directing the FBI to interview him is DENIED.

24       Next, Plaintiff requests a continuance to seek three additional items of discovery. First,

25 he requests information regarding "specific incidents which the Defendants allege necessitated

26 the application of waist chain handcuff restraints on [Plaintiff] in the law library for over two

27 years when non-minority inmates were not cuffed." (Mot. at 3.) According to the Defendants'

28

Order Denying Motion for Order Directing Federal Bureau of Investigation to Interview Plaintiff; Denying Motion
for Continuance Pending Discovery
P:\PRO-SE\SJ.LHK\CR.09\Andrews5858misc2.wpd    2

motion for summary judgment, Plaintiff alleged two incidents in 2008 in which he was forced to wear waist restraints due to his race. (MSJ at 17.) Defendants submitted a declaration by Barnts stating that Plaintiff was required to wear restraints due to a Plan of Action implemented at the prison in June 2008. (*Id.*) Plaintiff has not specified what facts or other information he seeks, nor is his request sufficient to demonstrate that the facts exist or are necessary to oppose summary judgment.

Second, Plaintiff requests information in which inmates have altered certified account statements and submitted them to the courts. (Mot. at 5.) Presumably, he requests this information because, in Defendants' motion for summary judgment, they allege that Plaintiff is not allowed to possess certified copies of his trust account statements due to a prison policy that prohibits inmates from possessing them "due to concerns that they will falsify them." (MSJ at 16.) In his amended complaint, Plaintiff asserts that this policy is a cover-up to deny him access to the courts. Whether a policy infringes on a prisoner's constitutional rights hinges on whether it is "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Even assuming that inmates have not altered certified account statements in the past, this requested information is not determinative of Plaintiff's underlying claim challenging the rationality of the prison's policy regarding possession of certified copies of trust account statements. *Cf. Mauro v. Arpaio*, 188 F.3d 1054, 1060 (9th Cir. 1999) (en banc) ("it does not matter whether we agree with the defendants or whether the policy in fact advances the jail's legitimate interests . . . The only question that we must answer is whether the defendants' judgment was rational, that is, whether the defendants might reasonably have thought that the policy would advance its interests.") (internal quotations and citations omitted). Thus, Plaintiff has not demonstrated that these sought-after facts are essential to oppose summary judgment.

Finally, Plaintiff asserts that "discovery is needed to show legal mail is not being delivered." (Mot. at 6.) As Defendants note, Plaintiff does not specifically attribute this issue to them. (Opp. at 4.) Morever, he does not meet his burden under Rule 56(d) of setting forth the specific facts he seeks, that those facts exist, or that those facts are necessary to oppose summary

Order Denying Motion for Order Directing Federal Bureau of Investigation to Interview Plaintiff; Denying Motion for Continuance Pending Discovery
P:\PRO-SE\SJ.LHK\CR.09\Andrews5858misc2.wpd    3

1  judgment.

2      Accordingly, Plaintiff's motion for a continuance pending discovery is DENIED.

3      This order terminates docket numbers 60 and 61.

4      IT IS SO ORDERED.

5  DATED: 12/21/2010

6                                 LUCY H. KOH
                               United States District Judge