UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID RAYMOND ANDREWS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. EVERT, et al.,<br><br>    Defendants.<br>_____/ | No. C 09-5858 LHK (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

### INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated here, Defendants' motion to dismiss and motion for summary judgment are GRANTED.

### BACKGROUND

Plaintiff claims that Defendants, employees of Pelican Bay State Prison, violated his right (1) of access to the courts, and (2) to equal protection. As to the first claim, Plaintiff alleges that Defendants conspired to restrict his access to the law library and to withhold legal documents. These acts, according to Plaintiff, prevented him from filing a habeas petition in the state supreme court, and an appeal in federal appellate court. As to the second claim, Plaintiff alleges that while he was in the prison law library, Defendants placed him in

wrist restraints because of his race.

Defendants have filed a motion to dismiss under Federal Rule of Civil Procedure 12, and a motion for summary judgment. For the reasons described herein, Defendants' motion to dismiss is GRANTED as to the law library access, equal protection, and part of the document withholding claims, and Defendants' motion for summary judgment is GRANTED as to the remaining claim regarding the withholding of a legal document.

## I. Motion to Dismiss

### A. Law Library Access and Withholding of Documents

Plaintiff alleges that Defendants denied him access to the law library, and copies of various legal documents. Defendants contend that Plaintiff failed to exhaust these claims through the prison's administrative grievance process.

Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

To exhaust administrative remedies properly in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. *See* 15 Cal. Code Regs. § 3084.5.

Where a prison's grievance procedures do not specify the requisite level of factual specificity required in the grievance, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). The grievance should

include sufficient information "to allow prison officials to take appropriate responsive measures." *Id.* (citation and internal quotation omitted).

### 1. Access to the Law Library

Plaintiff's claim must be dismissed because he failed to exhaust his claim regarding law library access. Plaintiff filed several inmate grievances relating to the claims presented in this action. However, the record does not contain a Director's Level decision regarding his claim that he was denied access to the law library, or that there was a conspiracy to deny him such access. Indeed, the Director's Level decisions Plaintiff appends to his amended complaint relate only to his grievance regarding the withholding of a certificate of funds, and his grievance regarding being restrained in the law library. (Am. Comp., Exs. 1 & 2.) Accordingly, Defendants' motion to dismiss on grounds that Plaintiff failed to exhaust his administrative remedies as to this claim is GRANTED. Plaintiff's law library access claim is DISMISSED with prejudice.

### 2. Withholding of Documents

Defendants' motion as to his claim that Defendants withheld legal documents is granted in part and denied in part. Defendants concede that Plaintiff has exhausted his claim that Defendants refused to allow him to possess a certificate of funds. (MTD at 7 n.3.) However, there is no Director's Level decision in the record showing that Plaintiff exhausted his claim regarding the alleged withholding of any other legal documents. Accordingly, Defendants' motion to dismiss is DENIED as to Plaintiff's claim regarding the certificate of funds and is GRANTED as to Plaintiff's claim regarding other allegedly withheld documents. The surviving portion of this claim is addressed below in the summary judgment section.

### B. Equal Protection

Plaintiff filed an inmate grievance asking for the restraints placed on him while he was in the prison law library to be removed so that he could conduct legal work. (Am. Compl., Ex. 21.) His grievances contain no allegation that Defendants violated his equal

1 protection rights, or that he was treated differently than other inmates. In fact, Plaintiff did
2 not raise the issue of race *until* he filed an appeal to the Director's Level. (Am. Compl.,
3 Exhibit Appendix, Ex. 21; Mot. to Dismiss ("MTD") at 9.) Plaintiff's claim must be
4 dismissed because his grievances were not factually specific enough to satisfy the exhaustion
5 requirement. More specifically, he failed to raise the issue of race at every level of review,
6 adding it only at the last stage. This tardy addition to his contentions would not have
7 sufficiently and timely alerted the prison as to the nature of and basis for his grievance.[1] As
8 Plaintiff has not exhausted his equal protection claim, Defendants' motion to dismiss such
9 claim is GRANTED.

## II. Motion for Summary Judgment

Plaintiff alleges that Defendants refused to allow him to have a copy of his certificate of funds, a document Plaintiff needed in order to file actions in the courts.

The following facts are undisputed. On May 25, 2008, Plaintiff submitted two account statements to the prison's trust office, with a request for the documents to be filled-out and returned to Plaintiff. The trust office completed the forms, thereby creating a certificate of funds, and, pursuant to prison policy, which does not allow inmates to possess certified paperwork, sent them to the law library.[2] The law library then informed Plaintiff that it had his documents should he want to have copies of them mailed. Plaintiff had only to visit the library to place a mailing request.

Defendants have submitted undisputed evidence that the library paging system and institutional mail system were at all times available to Plaintiff to obtain legal materials, (MTD, Evert Decl. ¶¶ 6, 7, 16.). Plaintiff, however, cites only a few dates on which mailing requests were denied, and has not shown that these delays resulted in an inability to file, or in

---

[1] Plaintiff alleges that he raised this claim late because he feared retaliation. (Pl.'s Opp. to MSJ at 22–23.) Plaintiff, however, fails to allege any facts detailing what sort of retaliation he feared, or state what person or persons would retaliate against him.

[2] Pelican Bay "prohibits inmates from possessing certified documents due to concerns that they will falsify them." (MTD at 16.)

the dismissal of, any court action, (Am. Compl. at 18–22; Pl.'s Ex Parte Declaration, Docket No. 7). Plaintiff alleges that he was denied library access a few times, while Defendants have submitted undisputed evidence that Plaintiff visited the library 50 times between December 2007 and March 2010. (MTD, Evert Decl. ¶ 13; Ex. B.) Defendants also have submitted undisputed evidence that library staff will prepare mail for inmates during lockdowns. (*Id.* ¶ 10.)

Defendants have also submitted undisputed evidence that Plaintiff was able to file and prosecute the very court actions he alleges Defendants impeded him from pursuing. Plaintiff was able to file a notice of appeal when a previous § 1983 action was dismissed, and he was able to file a state habeas petition. (MTD at 14.) Plaintiff has not presented any evidence that Defendants' alleged actions resulted in an inability to file, or in the dismissal of, these court actions. Rather, he makes the conclusory allegation that he was injured by "the repeated undue dismissals" of his actions. Court records show no "repeated undue dismissals." Plaintiff's § 1983 action was dismissed by the district court for failure to exhaust administrative remedies, and not for any filing deficiency. After the Ninth Circuit denied Plaintiff's application to proceed *in forma pauperis* ("IFP"), plaintiff's notice of appeal on that same § 1983 action was ultimately dismissed for failure to pay the filing fee. The IFP application, which contained a properly completed certificate of funds, was denied because Plaintiff had failed to show that the appeal was not frivolous. Court records show that his state habeas petition was summarily denied. There is no indication that the denial was based on a failure to comply with the court's filing fee requirements.

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. On an issue for which the opposing party by contrast will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). Prison officials must provide prisoners with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Casey*, 518 U.S. at 356. To establish a claim for a violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See id.* 518 U.S. at 350–55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a nonfrivolous claim concerning his conviction or conditions of confinement. *See id.* at 354–55. Once the prisoner establishes a

denial of access to the courts, the court should then determine whether the hindrance of the prisoner's access was reasonably related to legitimate penological interests. *See id.* at 361 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). If so, the denial of access to the courts claim will fail, even if there was actual injury.

In the instant matter, Plaintiff has not alleged facts sufficient to show a violation of his constitutional right of access to the courts. The undisputed record shows that Plaintiff, by simply requesting the law library to act, could have filed the certificate of funds with any court he chose. The courts required only that the document be filed, not that Plaintiff personally mail or handle it, and Plaintiff had the opportunity to file the document. He has not created an inference, let alone shown, that his inability to possess the document prevented him from pursuing any court action. He has not shown, therefore, that Defendants hindered his efforts to pursue any court action, or that there was a conspiracy to hinder Plaintiff's right of access to the courts. *See Casey*, 518 U.S. at 354–55. Accordingly, Defendants' motion for summary judgment as to this claim is GRANTED.

## CONCLUSION

For the reasons listed above, Defendants' motion to dismiss is GRANTED as to Plaintiff's claims regarding access to the law library, equal protection, and to part of his claim regarding the withholding of documents. These claims are hereby DISMISSED with prejudice. Defendants' motion for summary judgment is GRANTED as to the remaining portion of Plaintiff's claim regarding the withholding of a certificate of funds. The Clerk shall terminate Docket No. 40, enter judgment in favor of all Defendants as to all claims, and close the file.

**IT IS SO ORDERED**.

DATED: September 23, 2011

LUCY H. KOH
United States District Judge